[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant Electrical Contractors, Inc. (hereinafter "ECI") moves to dismiss plaintiff, Department of Transportation's (hereinafter "DOT") application for a temporary injunction to enjoin the continuation of an arbitration pending before the American Arbitration Association. The arbitration, entitled ECI v. Connecticut Department of Transportation
relates to claims by ECI against DOT for unpaid amounts allegedly due on two projects completed by ECI for DOT. The arbitration proceeding was initiated by ECI pursuant to Connecticut General Statutes §§ 4-61 (a) and (b) that provide that any person, firm or corporation which has entered into a construction contract with the state "may, in the event of any disputed claims under such contract or claims arising out of the awarding of such contract by the Commissioner of Public Works," bring an action against the state in the Superior Court or submit a demand for arbitration of such claim or claims for determination under the rules of the American Arbitration Association.
The underlying facts are as follows:
ECI was awarded two contracts by DOT for the installation of traffic signalization devices, the first awarded in 1995 and completed in 1998, the second awarded in 1996 and completed in 1998. ECI was paid for almost all of the base contract work that it performed under each contract. But because it allegedly experienced various delays and disruptions and was forced to perform extra work, it submitted a claim for these additional cost overruns to the Commissioner of DOT. ECI's claim on the first project totaled approximately $650,000.00, and on the second project totaled approximately $133,550.00.
These claims being disputed by DOT, ECI pursuant to C.G.S. § 4-61, submitted them to the American Arbitration Association (hereinafter "AAA") for resolution by arbitration. The arbitration filings occurred on May 2, 2000 on the first claim, and March 15, 2001 on the second claim.
DOT argued before the arbitration panel at a preliminary hearing on May 17, 2001 that the proceedings should be stayed because ECI had committed fraud in the inducement as to the contracts. The arbitration panel denied DOT's motion and indicated that the matter would proceed on scheduled hearing dates. DOT raised the issue again in August 2001, stating that it would issue an administrative decision declaring the subject contracts "void". The parties were instructed to brief the question of whether the issue raised by DOT was arbitrable and who should determine that issue. After hearing argument, the panel denied the DOT's motion to suspend the CT Page 16512 arbitration proceedings and, in effect, held that it had jurisdiction to consider and determine the fraud in the inducement claims raised by DOT as a defense.
By the date of the hearing of this motion, four days of hearing had been held by the panel on the merits of ECI's first claim. As to ECI's second claim, DOT challenged AAA's jurisdiction again, claiming voidability of the contract due to the allegations of fraud in the inducement. AAA took the same position as it had with respect to the first claim and indicated it would proceed with the arbitration of the case.
On December 8, 2000, the DOT initiated this action against the defendants by a complaint with 49 counts alleging fraud, breach of contract and fraud in the inducement. On July 16, 2001, the DOT filed an amended complaint alleging 24 counts of fraud in the inducement, fraud, and violation of the Connecticut Unfair Trade Practices Act. In that complaint it seeks money damages, punitive damages and an order declaring each of the contracts null and void.
On September 10, 2001 DOT applied for a temporary injunction enjoining ECI from proceeding on the merits of its claims before AAA, and staying the arbitration proceedings "until such time of the court makes its determination on the State's application because ECI fraudulently induced CDOC to award the project contracts and CDOT voided the project contracts when CDOT learned of ECI's fraud." The grounds asserted for the temporary injunction was: "Since the project contracts had been voided by CDOT, there is no contract under which ECI can claim that the State has waived its immunity pursuant to Connecticut General Statutes § 4-61, a limited waiver of the State's immunity. Thus, if the State is forced to go forward with an arbitration proceeding on the merits, the State will suffer irreparable harm."
The court never issued an ex parte application for a temporary injunction and that motion is pending in this court.
On October 9, 2001 ECI moved to dismiss DOT's application for a temporary injunction on the grounds that "this court lacks jurisdiction to make a determination as to the arbitrability of two matters now before the American Arbitration Association, inasmuch as that question is reserved for (and in one case it has been decided by the arbitrators)."
ECI's concedes this court has subject matter jurisdiction to hear and decide DOT's application for a temporary injunction. However, it asserts that, upon this court exercising that jurisdiction, it can decide, without further evidence and on the papers before it, that the issue of CT Page 16513 arbitrability of the claims is one for the arbitrators to decide and so this court should dismiss the application for lack of jurisdiction or deny it on its merits.
Strictly speaking, because ECI concedes that the court has jurisdiction over DOT's application for a temporary injunction, ECI's motion to dismiss the application for lack of jurisdiction should be denied.
However, when the court turns to the merits of the application, it is faced with the same issues as presented by ECI's motion to dismiss. They are: (1) whether or not the claims are arbitrable pursuant to Section 4-61; (2) whether the issue of arbitrability should be determined by the arbitrators or by the court; (3) whether in light of DOT's participating in the arbitration proceeding, it can, in midstream, seek to stay the arbitration.
These appear to be issues of law. But because DOT may wish to offer further evidence on these issues, the better part of wisdom is for the court to allow either party to present such facts before deciding DOT's application for a temporary injunction, either on the grounds that the court lacks jurisdiction or on the merits.
Accordingly, the motion to dismiss is denied and this court sets down the case for a hearing on the issues raised above as promptly as the convenience of counsel and the availability of the court allows.
Robert Satter Judge Trial Referee